**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-1537-WJM
Bankruptcy Case No. 12-35230-ABC

IN RE:

MORREALE HOTELS, LLC,

    Debtor,

MORREALE HOTELS, LLC,

    Appellant,

v.

2011-SIP-CRE/CADC VENTURE, LLC, and
UNITED STATES TRUSTEE,

    Appellees.

---

**ORDER DENYING TRUSTEE'S MOTION TO DISMISS, STRIKING MORREALE'S OPENING BRIEF, AND SETTING NEW BRIEFING SCHEDULE**

---

    Morreale Hotels, LLC ("Morreale") has appealed various bankruptcy court orders, including an order lifting the automatic stay and an order rejecting Morreale's Chapter 11 reorganization plan. The United States Trustee ("Trustee") has filed a Motion to Dismiss the Appeal for Lack of Jurisdiction ("Motion"). (ECF No. 16.) Despite the Motion's title, the Trustee does not seek to dismiss the entire appeal. Rather, the Trustee seeks to dismiss only the appeal from the Bankruptcy Court's order rejecting Morreale's Chapter 11 reorganization plan. (*Id*. at 2 n.2.) The other appellee, 2011-SIP-CRE/CADC Venture, LLC ("CRE"), has not weighed in on the Trustee's motion.

For the reasons stated below, the Court will deny the Motion. Furthermore, having reviewed portions of Morreale's opening appeal brief, the Court finds numerous deficiencies in form and content. The Court will therefore strike the brief, require Morreale to file a conforming brief, and reset the parties' briefing schedule.

## I. BACKGROUND

Because the Court has so far only received Morreale's brief on the merits (the Court stayed further briefing until this Motion could be resolved, *see* ECF No. 17), the Court has not received a full description of the facts and proceedings below from both sides. However, the following appears uncontroverted, or at least uncontroversial.

Morreale purchased two commercial properties in Denver through loans currently held by CRE. (ECF No. 12 at 3.) Morreale later filed for Chapter 11 bankruptcy protection and CRE filed proofs of claim related to its loans. (*Id*. at 12.) CRE moved to lift the automatic bankruptcy stay, apparently with the intent to foreclose on the properties. (*Id*. at 9.) The Bankruptcy Court denied CRE's motion to lift the stay because the court found "a reasonable prospect for this debtor to effectively reorganize in the near future." (ECF No. 12-12 at 73.) "But," said the court, "the continuation of the stay . . . is conditioned on the debtor confirming the reorganiz[ation] plan pending before the Court . . . ." (*Id*. at 74.)

As it turns out, once the Bankruptcy Court had fully considered Morreale's reorganization plan, the court refused to confirm it. (ECF No. 12-19 at 1.) The court therefore lifted the automatic stay. (*Id*.) Morreale then filed this appeal. (ECF No. 12 at 6–7.)

## II.  ANALYSIS

A.    **Appellate Jurisdiction Over Reorganization Plan Rejections**

With respect to Bankruptcy Court decisions, this Court has jurisdiction to hear appeals

> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under [a portion of the Bankruptcy Code not relevant here]; and
>
> (3) with leave of the court, from other interlocutory orders and decrees . . . .

28 U.S.C. § 158(a).  The Trustee argues that the Bankruptcy Court's refusal to confirm Morreale's Chapter 11 reorganization plan is not a final judgment, order, or decree, nor should this Court grant permission for an interlocutory appeal.  (ECF No. 16 at 4–8.)

Finality of judgment in the bankruptcy context is somewhat different than in the traditional civil context, as aptly summarized by the Tenth Circuit:

> Traditionally, a decision in a civil controversy is not considered final unless it terminates the litigation on the merits and leaves nothing for the court to do but execute the judgment.  In the bankruptcy realm, however, the concept of finality has been given a less restrictive meaning.  Unlike most civil cases, bankruptcy proceedings often involve an aggregation of controversies, many of which would constitute individual lawsuits had a bankruptcy petition never been filed.  In such proceedings, therefore, we separately consider the finality of each discrete dispute raised within the larger bankruptcy case.  In other words, we have recognized that the appropriate judicial unit for purposes of determining finality . . . is not the overall bankruptcy case; it is instead the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition.

*In re Baines*, 528 F.3d 806, 809–10 (10th Cir. 2008) (internal quotation marks and

citations omitted).

Despite this flexibility, the Tenth Circuit has held—in the Chapter 13 context—that denial of a reorganization plan is not a final, appealable order: "so long as the bankruptcy proceeding itself has not been terminated, the debtor, unsuccessful with one reorganization plan, may always propose another plan for the bankruptcy court to review for confirmation." *In re Simons*, 908 F.2d 643, 645 (10th Cir. 1990). Thus, no finality exists sufficient to satisfy 28 U.S.C. § 158(a). *See id*. The Tenth Circuit has applied this reasoning in the Chapter 12 context as well, albeit in an unpublished disposition. *See In re Simon*, 1996 WL 192977, at *2 (10th Cir. Apr. 22, 1996).

The Court could locate no decision applying this reasoning in the Chapter 11 context, but the Court sees no principled reason why it would not apply. Just like a Chapter 13 debtor, a Chapter 11 debtor may propose a new plan after rejection of the first plan. *Compare* 11 U.S.C. § 1127(a) ("The proponent of a plan may modify such plan at any time before confirmation . . . .") *with id*. § 1323(a) ("The debtor may modify the plan at any time before confirmation . . . ."). The Court therefore concludes that denial of a Chapter 11 reorganization plan is generally not appealable.

This case presents unique circumstances, however. Morreale also appeals from the Bankruptcy Court's order lifting the automatic stay. That order *is* appealable, and no party argues otherwise. *See Rajala v. Gardner*, 709 F.3d 1031, 1034 (10th Cir. 2013) ("The grant or denial of relief from an automatic stay is generally an appealable final order."). Moreover, the Bankruptcy Court lifted the automatic stay specifically *because* it refused to confirm Morreale's reorganization plan. (*See* ECF No. 18 at 3.)

In other words, Morreale's appeal of the Bankruptcy Court's stay-lift order is inextricably bound up with its appeal of the Bankruptcy Court's refusal to confirm the plan. Even if this Court limited Morreale to challenging the stay-lift order, Morreale would necessarily be arguing the merits of its reorganization plan.

Moreover, in opposing the Motion, Morreale argues that, "with CRE's Motion for Relief From Stay having been granted, the filing of an amended [reorganization] plan would have been futile with the essential and primary assets of the estate having been immediately scheduled for a foreclosure sale." (ECF No. 18 at 3–4.) The Trustee's reply brief (ECF No. 19) offers no rebuttal to this argument.

Accordingly, in these unique circumstances, the Court holds that it has jurisdiction under 28 U.S.C. § 158(a)(1) to hear Morreale's appeal from the Bankruptcy Court's denial of its reorganization plan.

**B.      Deficiencies in Morreale's Brief**

In resolving the Motion, the Court briefly reviewed Morreale's opening appeal brief (ECF No. 12). The Court finds it deficient in the following respects and will require Morreale to file a new brief that corrects these deficiencies.

First, this Court's Local Rules require all bankruptcy appeal briefs to comply with Federal Rules of Bankruptcy Procedure 8001–8020. *See* D.C.COLO.LAPR 10.2(b). Among those rules is the requirement that briefs be double-spaced. Fed. R. Bankr. P. 8015(a)(4). Morreale's brief is, at best, 1.5-spaced. Morreale must correct this.

Second, Morreale is limited to 14,000 words. *Id.* 8015(a)(7)(B)(i). Although Morreale's brief may be under that limit, Morreale does not attach the required

certification. *Id*. 8015(a)(7)(C)(I). Morreale's new brief must contain this certification.

Third, Morreale's current brief includes a generic standard of review apparently applicable to all twelve of its issues for review. (*See* ECF No. 12 at 3.) The Court is skeptical that Morreale's proffered standard of review applies indiscriminately to all twelve issues. For example, Morreale appeals both the Bankruptcy Court's refusal to confirm its plan and the court's stay-lift order. Morreale offers no standard of review specific to those sorts of orders (*e.g.*, abuse of discretion, *de novo*, etc.). *See* Fed. R. Bankr. P. 8014(a)(5) (requiring "a statement of the issues presented and, *for each one*, a concise statement of the applicable standard of appellate review" (emphasis added)). Morreale's new brief must correct this deficiency.

Fourth, Morreale must provide "appropriate references to the record." *Id*. 8014(a)(6). Although Morreale's current brief provides record citations, it generally does so through descriptive cites such as "Confirmation Hr'g Tr." (ECF No. 12 at 4.) This requires the Court to identify where in the parties' voluminous record this particular transcript resides. In its new brief, Morreale should instead cite either the ECF docket number or the consecutive Appellant Appendix pages. For example, the first page of Morreale's objection to CRE's motion to lift the stay would be cited as "ECF No. 12-3 at 16" or "App. 116."[1]

---

[1] The Court notes that the parties filed a 900-page Record on Appeal (ECF No. 9) but that Morreale then attached a 2,800-page "Appendix" to its opening brief (ECF Nos. 12-1 to 12-22). In the Court's cursory review, the Appendix appears to contain only items from the record below, but it nonetheless goes far beyond the Record on Appeal and likely duplicates it in many respects. The Court will, however, permit both the Appendix and the Record on Appeal to remain in their current state (absent specific objection from CRE or the Trustee in their response brief) because the Court suspects that the time needed to sort out and re-file all documents appropriately would not be worth the effort. Any citation to the document titled

Fifth, Morreale's current brief is a scanned version of a printed document.  That is not permitted under this Court's Electronic Case Filing Procedures (Civil Cases) (Version 6.0), Part I, § 1.3(f): "Filers shall only scan documents unavailable in an electronic format.  Documents shall be converted to PDF directly from the software application in which they were created (e.g., Word, WordPerfect, Excel)."  Morreale must comply with this directive.

Accordingly, the Court will strike Morreale's opening brief (ECF No. 12) and require re-filing.[2]  The parties may nonetheless continue citing to the appendices attached to Morreale's opening brief (ECF Nos. 12-1 to 12-22).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The United States Trustee's Motion to Dismiss Appeal for Lack of Jurisdiction (ECF No. 16) is DENIED;

2. The Opening Brief of Appellant Morreale Hotels, LLC (ECF No. 12) is STRICKEN, but the parties may continue to cite the appendices attached to that opening brief (ECF Nos. 12-1 to 12-22); and

3. No later than **May 4, 2015**, Morreale SHALL FILE a new opening brief that complies with all requirements as to form and content.  The deadlines for

---

"Record on Appeal" (ECF No. 9) shall either be to its ECF docket number or the consecutive pagination inserted at the bottom.  Thus, for example, the first page of the Trustee's objection to confirmation would be cited as "ECF No. 9-2 at 12" or "R. 216."

[2] If, after receiving Morreale's corrected brief, CRE or the Trustee still detect a jurisdictional defect such as the one raised here, they are free to argue that defect in their response brief (not in a separate motion).

response and reply briefs will then be governed by Fed. R. Bankr. P. 8018(a)(2) & (3).

Dated this 13th day of April, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge